OPINION OF THE COURT
NYGAARD, Circuit Judge.
Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the judgment of conviction and sentence.
Stevey was convicted of Bank Robbery, 18 U.S.C. § 2113(a), Armed Bank Robbery, 18 U.S.C. § 2113(d), and Using or Brandishing a Firearm during Commission of a Crime of Violence, 18 U.S.C. § 924(c) (A) (ii), all arising from the robbery of two banks. The District Court sentenced Stevey to a total term of imprisonment of 439 months, and restitution in the amount of $27,925.00.
A conviction may be overturned “[o]nly when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt.” United States v. McNeill, 887 F.2d 448, 450 (3d Cir.1989).
Stevey does not challenge the sufficiency of evidence that two armed robberies took place. Stevey does claim, however, that the evidence was insufficient to establish that he participated in the robbery at either the Irwin Bank and Trust or the Parkvale Savings Bank.
With regard to the convictions on charges arising from the Irwin Bank robbery, the testimony of Stevey’s accomplice implicated him for being involved in discussions about the robbery the night before, and also as the one who selected the bank. A jailhouse informant testified that Stevey admitted his involvement in the Irwin Bank robbery and that they used a gun obtained in a burglary. The gun was later found in the house in which Stevey stayed while in that area and the burglary occurred at a nearby house. Finally, evidence indicated that Stevey spent some of *764 the money obtained in the robbery on the same day as the crime.
Our review of the record leads us to conclude that the jury was properly instructed on how to evaluate the testimony of the informant. For all of these reasons, we find that there is no question that the jury’s decision to convict Stevey on the three counts related to this armed robbery was substantially supported by the evidence.
With regard to the Parkvale Savings Bank, the same jailhouse informant testified to Stevey’s admission of involvement in this crime. Again, the jury was properly instructed on how to evaluate the informant’s testimony. Additionally, the government provided a host of circumstantial evidence, ranging from cell phone records to the testimony of an eyewitness who identified Stevey as one of the men she saw shortly after the robbery in one of the cars associated with the crime. We conclude that the record substantially supports the jury’s decision to convict Stevey on the charges related to this armed robbery.
Finally, with regard to Stevey’s appeal for a new trial based upon Rule 33 of the Federal Rules of Criminal Procedure, we note that no such post-verdict motion was made before the District Court. Hence, we cannot consider it.
For all of these reasons, we will affirm the judgment of conviction and sentence of the District Court.